IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MOGAN, <br><br> Plaintiff, <br><br> v. <br> THE REASON FOUNDATION and EUGENE VOLOKH, <br><br> Defendants. | Civil No. 1:25-cv-10508 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) & 12(b)(6) AND FOR ATTORNEYS' FEES PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

INTRODUCTION

This lawsuit is the latest in a string of frivolous lawsuits filed by plaintiff Michael Mogan, an Illinois-based attorney with a penchant for bringing baseless claims in response to judicial decisions that he does not like. In this action, Mogan has turned his sights on a prominent legal blog, *The Volokh Conspiracy*, merely for quoting a decision rendered against him by the United States Court of Appeals for the Seventh Circuit. That post – which was comprised primarily of long excerpts from the Seventh Circuit's decision – was titled "Law360 Article About Disciplinary Charges Against Lawyer Was a Fair Report of Official Proceedings." Just like the Law360 article that was the subject of the Seventh Circuit's ruling, the blog post at issue here is protected by the fair report privilege. Mogan thus cannot state a claim as a matter of law. Moreover, he has brought his latest baseless claim in a state that cannot exert jurisdiction over the California-based defendant. Mogan's lawsuit should be dismissed, and, if the Court determines it can exercise jurisdiction, he should be required to pay the defense's attorneys' fees under California's anti-SLAPP statute, California Code of Civil Procedure § 425.16.

**BACKGROUND**

Mogan has a long history of frivolous filings resulting in his being sanctioned and his cases being dismissed. That history – and the path leading to this case – began with a lawsuit that Mogan brought for a client against AirBnb employees. Since initiating that suit, Mogan has been sanctioned by two courts for filing frivolous motions. *See Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 1458518, at *7 (N.D. Cal. May 9, 2022); *McCluskey v. Henry*, 56 Cal. App. 5th 1197, 1205, 270 Cal. Rptr. 3d 803, 809 (2020). Representing himself *pro se*, he responded to those sanctions orders by suing the lawyers who filed the original motion for sanctions, the California state trial judge who granted the motion, the California state appellate judge who wrote the opinion upholding the sanctions, and the California State Bar after it brought disciplinary charges against him for failing to pay the sanctions. *See, e.g.*, *Mogan v. State Bar of California*, 2025 WL 1672874 (9th Cir. June 13, 2025); *Mogan v. State Bar of California*, 2024 WL 4406943, at *1 (C.D. Cal. May 7, 2024); *Mogan v. Sacks, Ricketts & Case, LLP*, 2023 WL 2983577 (9th Cir. Apr. 18, 2023); *Mogan v. Petrou*, 2021 WL 5359400 (N.D. Cal. Nov. 17, 2021). Each of these lawsuits was dismissed, and their dismissals upheld on appeal.

As Morgan fought his frivolous battles in California, Law360 published three articles about his litigation in 2022 and 2023. *See* Decl. of Emily Williams in Support of Defendant Reason Foundation's Motion to Dismiss ("Williams Decl.") Exs. 1-3. Mogan responded to this news coverage by suing Law360's parent company, Portfolio Media Inc., in this District for defamation and false light invasion of privacy. *Mogan v. Portfolio Media Inc.*, 2024 WL 532229, at *1 (N.D. Ill. Feb. 9, 2024). The court, the Honorable Matthew F. Kennelly presiding, dismissed the complaint with prejudice, ruling that Law360's articles were protected by the fair report privilege. *Id.* at *9. Mogan appealed, and the Seventh Circuit affirmed. *Mogan v.*

2

*Portfolio Media, Inc.*, 143 F.4th 790, 793 (7th Cir. 2025), *as amended* Aug. 7, 2025.

The Seventh Circuit's opinion, published on July 14, began by recounting the case's background:

> Mogan, who is an attorney, sued Airbnb in California state court on behalf of a client named Veronica McCluskey in 2018. *See Mogan v. Sacks, Ricketts & Case LLP*, No. 21-cv-08431, 2022 WL 94927, at *2 (N.D. Cal. Jan. 10, 2022) (describing the McCluskey case). After that case went to arbitration, Mogan sued Airbnb on his own behalf, also in California state court, for abuse of process and unfair business practices that he alleged Airbnb committed in the *McCluskey* case. The state court dismissed the case and imposed sanctions against Mogan for filing a frivolous lawsuit. When he refused to pay the sanctions, the California State Bar filed disciplinary charges against him. Law360, a legal news website, detailed these legal battles in three articles published between 2022 and 2023.

*Mogan v. Portfolio Media, Inc.*, No. 24-1331 (7th Cir. 2025), *as published* July 14, 2025 (Williams Decl. Ex. 4). The opinion then went on to hold that Law 360's articles were protected by the fair report privilege because each provided a "'substantially correct account' of the court proceedings it cover[ed]." *Id.* at 4.

That same day, Eugene Volokh, an emeritus professor at UCLA and fellow at the Hoover Institute at Stanford University, *see* Notice of Removal ¶ 8 (Dkt. 1), posted about the Seventh Circuit's decision on the eponymously named blog *The Volokh Conspiracy*. *See* Williams Decl. Ex. 5 (hereinafter, "*Volokh Conspiracy* Post" or "Post"). Prof. Volokh's Post was titled "Law360 Article About Disciplinary Charges Against Lawyer Was a Fair Report of Official Proceedings." *Id.* The Post began, "From *Mogan v. Portfolio Media, Inc.*, decided today by Seventh Circuit Judges Michael Brennan, Candace Jackson-Akiwumi, and Joshua Kolar:" *Id.* It continued by quoting from the Seventh Circuit's decision:

> Michael Mogan appeals the district court's dismissal of his suit against Portfolio Media, the owner of Law360, for defamation and false light. Because Mogan fails to show that any statement by Law360 falls outside the fair report privilege, we affirm the district court.

> Mogan, who is an attorney, sued Airbnb in California state court on behalf of a client named Veronica McCluskey in 2018. After that case went to arbitration, Mogan sued Airbnb on his own behalf, also in California state court, for abuse of process and unfair business practices that he alleged Airbnb committed in the McCluskey case. The state court dismissed the case and imposed sanctions against Mogan for filing a frivolous lawsuit. When he refused to pay the sanctions, the California State Bar filed disciplinary charges against him. Law360, a legal news website, detailed these legal battles in three articles published between 2022 and 2023.

*Id.*

Roughly two weeks later, Mogan filed this lawsuit against Prof. Volokh and Reason Foundation, the California-based non-profit that hosts *The Volokh Conspiracy* blog. Am. Compl. ¶¶ 2-3, 9. Mogan claims he was defamed and cast in a false light by the Post's headline and the second paragraph quoted above. Notice of Removal Ex. 2 ("Am. Compl.") ¶¶ 10, 11, 13, 25. His pleading, however, does not actually say what, if anything, is false in either the headline or quoted paragraph. Mogan served Reason on August 4, but has not served Prof. Volokh.[1]

Subsequently, on August 7, the Seventh Circuit issued an order denying a petition Mogan had filed requesting rehearing en banc. *Mogan v. Portfolio Media, Inc.*, 2025 WL 2254202, at *1 (7th Cir. Aug. 7, 2025). In that order, the court also amended its opinion to revise the factual background so that it now reads:

> That case went to arbitration **and the state court ordered Mogan to pay sanctions for filing a frivolous motion**. Mogan **then** sued Airbnb on his own behalf, **in federal court,** for abuse of process and unfair business practices that he alleged Airbnb committed in the *McCluskey* case. The **federal court** dismissed the case and imposed additional sanctions against Mogan for filing a frivolous lawsuit. When he refused to pay the **state court** sanctions, the California State Bar filed disciplinary charges against him. Law360, a legal news website, detailed these legal battles in three articles published between 2022 and 2023.

*Portfolio Media*, 143 F.4th at 792 (alterations from July 14, 2025, opinion in bold).

---

[1] Mogan also has filed suit against yet another publisher for reporting on his cases. *See Mogan v. Metropolitan News Co.*, Case No. 25-cv-05739 (N.D. Ill.). The defendant in that case has filed a motion to dismiss and for attorneys' fees, which is pending.

On September 2, Reason removed this case to federal court. It now moves to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and for its attorneys' fees under California's anti-SLAPP statute, California Code of Civil Procedure § 425.16.[2]

## ARGUMENT

As a preliminary matter, this case should be dismissed because the Court lacks personal jurisdiction over Reason. Further, Mogan cannot state a claim as a matter of well-established law because the *Volokh Conspiracy* Post is protected by the fair report privilege. Thus, if the Court has jurisdiction, Mogan's claim should be dismissed with prejudice, and Reason should be awarded its attorneys' fees under California's anti-SLAPP statute.

**I.     This Court Does Not Have Personal Jurisdiction Over Reason.**

In diversity actions, federal courts may exert personal jurisdiction over a non-resident defendant when the forum state's long-arm statute confers jurisdiction over the defendant and exercising jurisdiction comports with due process under the Fourteenth Amendment. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491-92 (7th Cir. 2014). Illinois's long-arm statute permits the exercise of jurisdiction to the limits of federal due process, so "the statutory question merges with the constitutional one – if Illinois constitutionally may exercise personal jurisdiction over a defendant, its long-arm statute will enable it to do so." *Id.* at 492. Thus, the Court can only exercise jurisdiction if Reason is subject to either "general" or "specific" jurisdiction. *BNSF Ry. v. Tyrrell*, 581 U.S. 402, 413 (2017). Mogan bears the burden of establishing jurisdiction is

---

[2] In ruling on Reason's motion, the court can consider the prior court decisions involving Mogan, the Law360 articles, and the *Volokh Conspiracy* Post. *See, e.g.*, *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (explaining that court can consider documents that "are referred to in the plaintiff's complaint and are central to [the] claim" in ruling on a motion to dismiss); *Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017) ("judicial notice of public court documents is appropriate when ruling on a Rule 12(b)(6) motion to dismiss").

proper. *N. Grain Mktg.*, 743 F.3d at 491. Neither basis for jurisdiction exists.

General jurisdiction only exists when the defendant is "essentially at home in the forum State." *BNSF Ry.*, 581 U.S. at 413 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). A corporate entity is "at home" where it is incorporated and where it has its principal place of business. *Id.* As Mogan acknowledges, Reason is "a California non-profit corporation with its principal place of business" in California. Am. Compl. ¶ 5; *see also* Decl. of Mike Alissi ("Alissi Decl.") ¶ 2. Thus, the Court cannot exercise general jurisdiction over Reason.

It also cannot exercise specific jurisdiction. The Supreme Court has instructed that "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy.'" *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). As the Seventh Circuit has explained, specific jurisdiction is proper only when the "alleged injury arises out of the defendant's forum-related activities." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705-06 (7th Cir. 2019) (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010)); *see also Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (specific-jurisdiction analysis "focuses on the relationship among the defendant, the forum, and the litigation" (cleaned up)). The Supreme Court has emphasized that "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. Most importantly, the "mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (citation omitted).

For this reason, the Seventh Circuit has warned that courts should be "careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not

6

haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) (quoting *Illinois v. Hemi Grp., LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). In cases involving websites, jurisdiction is proper only if the defendant "in some way target[ed] the forum state's market." *Id.* at 559. Thus, "[i]f the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *Id.* As such, courts in this Circuit have consistently held that publishing online content that is accessible in Illinois is insufficient to confer specific personal jurisdiction here. *See Cityzenith Holdings, Inc. v. Liddell*, 2023 WL 5277888, at *5 (N.D. Ill. Aug. 15, 2023); *AFI Holdings of Ill., Inc. v. Nat'l Broad. Co.*, 239 F. Supp. 3d 1097, 1106 (N.D. Ill. 2017) (collecting cases).

In this case, Mogan's claims arise from a Post on *The Volokh Conspiracy*, an online legal blog hosted on Reason.com with a national audience, which is freely available to anyone with an Internet connection. *See* Alissi Decl. ¶ 3; Am. Compl. ¶ 4 (alleging that Reason's website is "published . . . in the state of Illinois"). The Post was written and posted by Prof. Volokh, a California-based professor. Alissi Decl. ¶ 4; Notice of Removal ¶ 8. The Post was not targeted at Illinois in any way.

The only Illinois-based connection between Reason and this case is that Mogan happens to reside here. Am. Compl. ¶ 1. His presence in Illinois is precisely the type of "random, fortuitous, [and] attenuated" contact that the Supreme Court has held would is insufficient for specific jurisdiction and would violate due process. *Walden*, 571 U.S. at 286. Although the Post quoted the Seventh Circuit's statement that, in *Portfolio Media*, the district court correctly described the fair report privilege "under Illinois law," nothing in the Seventh Circuit's opinion

7

stated that Mogan lived or practiced law in Illinois; the decision was about his litigation in California. And, more significantly, the Post itself was not targeted at Illinois. It was published to a national audience. There was no reason Reason should or could have reasonably anticipated that any harm would be suffered in Illinois and could not have "reasonably anticipate[d] being haled into court" here. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1985).

To be sure, Mogan's Amended Complaint makes various allegations seeking to tie Reason to Illinois, claiming that it "employs independent contractors in Illinois," "advertised and promoted business services . . . in the state of Illinois," and is "doing business in and/or having directed [sic] its activities in Illinois." Am. Compl. ¶¶ 4, 6, 7. Those allegations, however, are not sufficient to establish specific jurisdiction. Even if true, the contacts alleged by Mogan have nothing to do with his claims. Thus, they cannot provide a basis for this Court to exercise specific jurisdiction. *See Matlin*, 921 F.3d at 705 ("the defendant[s'] contacts with the forum state must directly relate to the challenged conduct or transaction" (citation omitted)).

The bottom line is that the Court lacks personal jurisdiction over Reason.

## II. The Blog Post Is Privileged.

Under both Illinois and California law, a publication is not actionable if it is protected by the fair report privilege.[3] The privilege applies to any report "of an official proceeding" so long as the report is "a fair abridgement of the official proceeding." *Solaia Tech., LLC v. Specialty Publ'g Co.*, 221 Ill. 2d 558, 588 (2006); *see also* Cal. Civ. Code § 47(d)(1) (fair report privilege provides protection from tort liability for any "fair and true report in, or . . . communication to, a public journal, of (A) a judicial, (B) legislative, or (C) other public official proceeding, or (D) of

---

[3] The Court need not decide whether to apply Illinois or California law with respect to the fair report privilege because the Post is protected under both states' laws. *See Bd. of Forensic Document Exam'rs, Inc. v. Am. Bar Ass'n*, 922 F.3d 827, 831 (7th Cir. 2019).

8

anything said in the course thereof"). As the Seventh Circuit has explained, a report is considered a fair abridgment if it "conveys a 'substantially correct account' of the court proceedings it covers." *Portfolio Media*, 143 F.4th at 793; *see also, e.g.*, *Jiang v. KNTV Television LLC*, 2025 WL 240798, at *5 (N.D. Cal. Jan. 17, 2025) ("A report is absolutely protected if it captures 'the substance, the gist, [or] the sting' of the court record or proceeding."). The fair report privilege "promotes our system of self-governance by serving the public's interest in official proceedings, including judicial proceedings." *Solaia Tech.*, 221 Ill. 2d at 585; *Hagberg v. California Fed. Bank*, 32 Cal. 4th 350, 360 (2004) (privilege "serves the important public policy of assuring free access to the courts and other official proceedings"). Given this interest, "Illinois courts have repeatedly stressed the importance of a robust privilege." *Huon v. Denton*, 841 F.3d 733, 740 (7th Cir. 2016).

Here, the *Volokh Conspiracy* Post is plainly about an "official proceeding," as it reports on an opinion from the Seventh Circuit. *See Mogan*, 143 F.4th at 793; *Thomas v. Leagle, Inc.*, 2023 WL 8269767, at *2 (C.D. Cal. Oct. 23, 2023) (holding that publication of court order protected by fair report privilege). The title of the Post – "Law360 Article About Disciplinary Charges Against Lawyer Was a Fair Report of Official Proceedings" – is undoubtedly "a fair abridgement of" the Seventh Circuit's opinion. *Solaia Tech.*, 221 Ill. 2d at 588. That opinion held that the Law360 articles, which covered the California Bar's disciplinary charges against Mogan, are "covered by the fair report privilege." *Mogan*, 143 F.4th at 793; *see also Huon*, 841 F.3d at 740 (holding that report is privileged to the extent it "convey[ed] 'a substantially correct account' to readers").

Likewise, the paragraph in the Post that Mogan challenges, Am. Compl. ¶¶ 13, 25, is unquestionably privileged as it provides an exact quote from the Seventh Circuit's opinion. *See*

9

*Solaia Tech.*, 221 Ill. 2d at 588; *Eubanks v. Nw. Herald Newspapers*, 397 Ill. App. 3d 746, 750 (2010) ("The published article reiterated the exact information received from the police department."); *Healthsmart Pac., Inc. v. Kabateck*, 7 Cal. App. 5th 416, 434 (2016), *as modified* (Jan. 10, 2017) ("'Fair and true' in this context does not refer to the truth or accuracy of the matters asserted in the judicial proceedings, but rather to the accuracy of the challenged statements with respect to what occurred in the judicial proceedings."). It makes no difference that the Seventh Circuit later amended that paragraph, as the privilege is assessed according to information available as of the date of publication – and here, the Post was published the day the original opinion was released. *Eubanks*, 397 Ill. App. 3d at 750-51 (fair report privilege "does not include a timeliness component, or an obligation to review updated information, in determining the fairness and accuracy of a published report"); *Leagle, Inc.*, 2023 WL 8269767, at *2 (holding publication of trial court order that was later overturned on appeal was protected by the fair report privilege).[4]

Because the Post is protected by the fair report privilege, Mogan cannot state a claim for defamation or false light, and his Amended Complaint should be dismissed with prejudice.

---

[4] The Seventh Circuit's amendments to the paragraph in question show that whatever inaccuracy was contained in the original version of its opinion, the inaccuracy did not defame Mogan or cast him in a false light. *See Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1228 (7th Cir. 1993) (explaining that the law protects substantially true statements and "falsehoods which do no incremental damage to the plaintiff's reputation"); *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009) ("A defamatory statement is a statement that harms a person's reputation to the extent it lowers the person in the eyes of the community or deters the community from associating with her or him."); *Barrett v. Fonorow*, 343 Ill. App. 3d 1184, 1192 (2003) (false light claim requires plaintiff to show defendant "placed the plaintiff in a false light"). The amended opinion simply corrected misstatements about the courts where issues were litigated. While the Seventh's Circuit's recounting of the procedural history that led the Mogan's suit against Portfolio Media might have included mistakes, none was materially false statements about Mogan, was defamatory of Mogan, or cast him in a false light.

**III.     Reason Should Be Awarded Its Attorneys'
              Fees Under California's anti-SLAPP Statute.**

California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute protects California residents from meritless lawsuits that target speech on matters of public interest. As the Ninth Circuit has explained, "[t]he anti-SLAPP statute was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001). This protection is bolstered by the award of attorneys' fees to prevailing writers and speakers subjected to the burden of defending against meritless claims. *See, e.g.*, *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 63 (2002). Under Illinois's choice of law rules, California's anti-SLAPP statute applies in this case because Reason is a California non-profit organization, and California has a strong interest in protecting its citizen's speech.

**A.     California's anti-SLAPP Statute Applies in this Case.**

Federal courts apply the forum state's choice-of-law rules; thus, Illinois choice-of-law rules apply here. *Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 572 (7th Cir. 1995). Illinois "follow[s] the doctrine of *depecage*, which involves subjecting each issue in a case to a separate choice-of-law analysis." *Doctor's Data, Inc. v. Barrett*, 170 F. Supp. 3d 1087, 1107 (N.D. Ill. 2016). Thus, "[i]n the case of an anti-SLAPP statute raised as a defense to a defamation claim, the choice-of-law question regarding the anti-SLAPP law is treated separately from whether a statement is defamatory because the anti-SLAPP question involves whether a statement is privileged, not whether its content is defamatory." *Osundairo v. Geragos*, 447 F. Supp. 3d 727, 743 (N.D. Ill. 2020) (internal quotations omitted) (quoting *Underground Sols., Inc. v. Palermo*, 41 F. Supp. 3d 720, 722 (N.D. Ill. 2014)).

Both California and Illinois have anti-SLAPP statutes, but the anti-SLAPP statute currently in effect in Illinois, 735 ILCS 110/1, *et seq.*, does not apply in this case.[5] *See Finlayson-Fife v. Weber*, 2025 WL 1582428, at *4 (N.D. Ill. June 4, 2025) (Perry, J.) (observing that speech is only protected by the Illinois anti-SLAPP statute if it is "designed to reach any government officials or for the purpose of obtaining any favorable government action"). In contrast, as explained below, California's anti-SLAPP statute would apply to Mogan's claims. Thus, the choice-of-law analysis is necessary; the choice of which state's anti-SLAPP statute applies is outcome determinative with respect to whether Reason is entitled to collect its attorneys' fees and costs in being forced to defend itself against Mogan's meritless claims. *Bd. of Forensic Document Exam'rs*, 922 F.3d at 831.

In determining which state's anti-SLAPP law should apply "the central considerations are where the allegedly defamatory speech occurred and the domicile of the" moving defendant. *Osundairo*, 447 F. Supp. 3d at 743. In cases where the moving defendant is domiciled in California, Illinois courts have determined that "California has a great interest in determining how much protection to give California speakers . . . . Thus, California has the most significant relationship, and the law of California will apply to defenses to defamation." *Glob. Relief Found. v. New York Times Co.*, 2002 WL 31045394, at *11 (N.D. Ill. Sept. 11, 2002); *Osundairo*, 447 F. Supp. 3d at 743 (same); *see also UL LLC v. Callington*, 2025 WL 2257375, at *5 (N.D. Ill. Aug. 7, 2025) (applying Oregon's anti-SLAPP statute in case involving Oregon defendant); *Underground Sols., Inc. v. Palermo*, 41 F. Supp. 3d 720, 725 (N.D. Ill. 2014) (holding that Tennessee anti-SLAPP statute applied in case with Tennessee defendant); *Duffy v.*

---

[5] Illinois recently amended its anti-SLAPP statute, but the amended provisions only apply to actions commenced on or after January 1, 2026. *See* 2025 Ill. Legis. Serv. P.A. 104-431 (S.B. 1181) (WEST).

*Godfread*, 2013 WL 4401390, at *4-5 (N.D. Ill. Aug. 14, 2013) (applying Minnesota anti-SLAPP statute in case with Minnesota defendants).

Reason is incorporated and headquartered in California. Notice of Removal ¶ 7; Alissi Decl. ¶ 2. Likewise, Prof. Volokh is domiciled and works in California. *See* Notice of Removal ¶ 8; *supra* at 3. Thus, California has a "great interest" in protecting Reason's speech, and California's anti-SLAPP statute applies in this case.

### B. Reason Is Entitled to Its Attorneys' Fees.

California's anti-SLAPP statute protects any defendant subjected to a cause of action that "aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution." Cal. Civ. Proc. Code § 425.16(b)(1). The law's protection extends to "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest," as well as "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." *Id.* § 425.16(e)(3)-(4). Courts "construe 'public issue or issue of public interest' in section 425.16(e)(4) broadly in light of the statute's stated purpose to encourage participation in matters of public importance or consequence." *Hilton v. Hallmark Cards*, 599 F.3d 894, 906 (9th Cir. 2010). Accordingly, courts have determined that something is an "issue of public interest" when the speech concerns a "'person or entity in the public eye,' 'conduct that could directly affect a large number of people beyond the direct participants,' or 'topic of widespread, public interest.'" *Eliott v. Lions Gate Entm't Corp.*, 639 F. Supp. 3d 1012, 1024 (C.D. Cal. 2022) (quoting *Hilton*, 599 F.3d at 906-07); *see Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1078 (S.D. Cal. 2021) (determining that reporting on court proceeding was an issue of public

13

interest under California's anti-SLAPP statute). If an action is subject to the anti-SLAPP statute's protections, the burden shifts to the plaintiff to "establish[] that there is a probability that the plaintiff will prevail on the claim[s]." *Eliott*, 639 F. Supp. 3d at 1023. At the second step when, as here, "an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). If the court determines that a plaintiff cannot state a viable claim, the moving defendant is entitled to be awarded "attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1)-(2).

This lawsuit clearly falls within the purview of California's anti-SLAPP statue because Mogan's claims arise out of the publication of a blog post about an opinion issued by the Seventh Circuit. Courts have consistently held that news reports published online are statements made in a public forum and on matters of public interest, even if their target audience is narrow. *See Gallagher*, 563 F. Supp. 3d at 1078 ("The overwhelming majority of courts have found news articles to be statements in public fora."); *see also Am. Muckrakers PAC, Inc. v. Boebert*, 2024 WL 3738932, at *8 (D. Colo. June 9, 2024) (collecting cases from different jurisdictions, including California); *Open Source Sec., Inc. v. Perens*, 803 F. App'x 73, 76 (9th Cir. 2020) (holding that blog post aimed as "a limited but definable portion of the public [or] a *narrow* segment of society" "meets the public interest threshold" (quoting *Hailstone v. Martinez*, 169 Cal. App. 4th 728, 737 (2008))).

As detailed above, Mogan cannot demonstrate a "probability" of prevailing on his claims because those claims are precluded by the fair report privilege. *See supra* at 8-10.

14

Consequently, Mogan has failed to state a claim, and, under California's anti-SLAPP statute, Reason is entitled to its attorneys' fees.

## CONCLUSION

For the reasons set forth above, Reason respectfully requests that the Court grant its motion, dismiss Mogan's Amended Complaint, and, if jurisdiction is proper, award Reason its attorneys' fees and costs in defending against this meritless lawsuit.[6]

Dated: September 9, 2025

Respectfully submitted,

BALLARD SPAHR LLP

By: /s/Isabella Salomão Nascimento
Isabella Salomão Nascimento
Ballard Spahr LLP
2000 IDS Center, 80 S Eighth Street
Minneapolis, MN 55402
Tel: 612.371.3281
Fax: 612.371.3207
salomaonascimentoi@ballardspahr.com

Lynn Rzonca, IL Bar No. 6207592
Michael Berry (admitted *pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: 215.665.8500
Fax: 215.864.8999
berrym@ballardspahr.com
rzoncal@ballardspahr.com

Emily Williams (admitted *pro hac vice*)
Ballard Spahr LLP
1301 Second Ave, Suite 2800
Seattle, WA 98101
Tel: 206.223.7000
Fax: 206.2237107
williamsea@ballardspahr.com

*Attorneys for Defendant Reason Foundation*

---

[6] Reason will submit a fee petition should the Court grant this Motion on the merits.