IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL MOGAN | ) |
| | ) |
| Plaintiff, | ) Case No. 1:25-cv-10508 |
| | ) |
| v. | ) Honorable Judge April M. Perry |
| | ) |
| THE REASON FOUNDATON and., | ) |
| EUGENE VOLOKH | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF REMAND**

Michael Mogan ("Plaintiff"), by and through his undersigned attorney, states as follows:

**INTRODUCTION**

The Reason Foundation's ("Defendant") Notice of Removal lacks any legal or factual basis invocation of federal jurisdiction imaginable. Defendant has taken Plaintiff's First Amended Complaint, which raises nothing but questions concerning Defendant's authority under certain Illinois statutes, and claimed the required $75,000 amount in controversy exists despite the fact the original and first amended complaint filed in the Circuit Court of County alleged Plaintiff was only seeking compensatory damages of at least $50,000 thus less than $75,000 and Defendant erroneously attempts to aggregate such claims based on the same exact defamatory statements where Plaintiff is only entitled to one type of relief. In addition, Illinois requires Plaintiff's to file a motion to seek punitive damages so Defendants inclusion of punitive damages in the requisite amount of controversy is also baseless. Based on Defendant's own admissions it is also clear they are intent on forum shopping and want nothing more than to derail state court

proceedings as they believe pursuit of legal fees under California's antiSLAPP statute in a Federal Court in Illinois is warranted. This Court should not countenance such a baseless attempt to derail the state proceedings. In short, the Notice of Removal reeks of bad faith, and this Court should remand this matter to the Circuit Court, Cook County, Illinois for disposition.

Plaintiff also respectfully requests the Court grant Defendant twenty-eight days to respond to this opposed motion for remand and Plaintiff be allowed fourteen days to reply which the parties agreed to.

## I. BACKGROUND

Plaintiff commenced his action in the Circuit Court of Cook County, Illinois on July 25, 2025 seeking relief based on a defamation per se claim and a false light claim based on the same exact defamatory statements. (Mogan Declaration ¶2; Exhibit A). In the original complaint Plaintiff alleged an award of compensatory damages of at least $50,000, an award of pre-judgment interest and punitive damages. Id. Plaintiff did not allege he was seeking attorney fees. Id. On July 29, 2025 Plaintiff filed a first amended complaint and again alleged a defamation per se claim and false light claim and again alleged an award of compensatory damages of at least $50,000, an award of prejudgment interest and punitive damages. (Mogan Declaration; Exhibit B). On August 6, 2025 Defendant's counsel then sent Plaintiff a letter via email indicating the lawsuit is patently frivolous thus implying no amount is in controversy exists. (Mogan Declaration; Exhibit C). On September 2, 2025 Defendants filed a Notice of Removal. (Docket at 1).

II.     **ARGUMENT**

A.     **No Diversity or Federal Question Jurdiction Exists**

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are of diverse citizenship. 28 U.S.C. §1332(a)."Removal is proper over any action that could have originally been filed in federal court." *Chase v. Shop ' N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997); 28 U.S.C. §1441. For diversity jurisdiction, the basis on which the defendants seek removal, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). A plaintiff may aggregate all of the claims she has against a defendant to meet the jurisdictional amount required for §1332. *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir. 1998). However, one claim pleaded in the alternative under separate legal theories cannot be aggregated for jurisdictional purposes. See *Marchionna v. Ford Motor Co.*, 1995 U.S. Dist. LEXIS 11408, *25, No. 94 C 275, 1995 WL 476591, at *8, 9 (N.D. Ill. Aug. 10, 1995) (Pallmeyer, J.) (Claims in the alternative could not be aggregated for removal purposes under Magnuson-Moss Act; the court predicted that similar principles would apply to diversity jurisdiction.). A right of recovery is distinct from a theory of liability; a plaintiff may have only one right of recovery though he "advances a variety of legal theories to support that recovery." *Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Ill. Nat'l Bank & Trust Co. of Chi.*, 576 F. Supp. 991, 1004 (N.D. Ill. 1983) (Shadur, J.).

Furthermore, the tort of false light substantially overlaps with defamation, and "where a false-light claim is based on the same statements as a defamation claim, the false-light claim must be dismissed if the defamation claim is dismissed." *Wilson v. Freitas,* 121 Hawai,, 120, 130

3

(App. 2009) (citing *Gold v. Harrison, 88 Hawai'i* 94, 103, 962 P.2d 353, 362 (1998). To prove defamation under Illinois law, a plaintiff must show: (1) the defendant made a false statement concerning the plaintiff; (2) there was an unprivileged publication of the defamatory statement to a third party by defendant; and (3) publication of the defamatory statement damaged the plaintiff. *Parker v. House O'Lite Corp.,* 324 Ill. App. 3d 1014, 1020 (2001). The tort of false light invasion of privacy protects one's interest in being let alone from false publicity. *Parker*, 324 Ill. App. 3d at 1032. To state a claim of false light invasion of privacy, a plaintiff must allege, and prove that: (1) he was placed in a false light before the public as a result of the defendant's action; (2) the false light in which he was placed would be highly offensive to a reasonable person; and (3) the defendant acted with actual malice. *Dubinsky v. United Airlines Master Exec. Council*, 303 Ill. App. 3d 317, 330 (Ill. App. Court 1999). Even though it is not necessary to be defamed to maintain a false light claim, the similarities between defamation and false light claims make certain restrictions and limitations for defamation equally applicable to false light claims. *Moriarty v. Greene,* 315 Ill. App. 3d 225, 237 (Ill. App. Court 2000). Thus the theories of defamation per se and false light are merely different bases for a single recovery. Furthermore the two counts, one for defamation per se and one for false light invasion of privacy are based on the same exact defamatory statements. The Defendant's notice of removal addresses these as two claims, rather than one claim plead under two theories in the alternative and thus attempts to aggregate such claims to meet the $75,000 amount in controversy requirement. However, this is inappropriate as both claims rely on the same facts and allege the same false statements; all that differs between the two claims are the underlying state law governing such claims.

The injury alleged and relief sought in both counts is also the same, see first amended complaint Count 1, page 6, and Count II page 7, and it is a "basic tenet that a plaintiff may have only one satisfaction for an injury, regardless of whether multiple theories of recovery are sought for that injury." *Kipnis v. Meltzer*, 253 Ill. App. 3d 67, 68 (Ill. App. Ct. 1993); see also *Indiana H. B. R. Co. v. American Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir. 1998); *Bragado v. City of Zion*, 839 F. Supp. 551, 555 (N.D. Ill. 1993) (Norgle, J.). Counts I and II of Plaintiff's first amended complaint therefore state different legal theories of recovery for the same injury, not separate claims for relief, and they cannot be aggregated to meet the jurisdictional amount of §1332(a). See *Marchionna,* 1995 WL 476591 at *8, 9.

Furthermore, because a settlement demand can represent a concrete statement of a plaintiff's claimed damages, the court may find that the demand can be considered in determining the amount in controversy. (See, e.g., *Woolsey v. State Farm Gen. Ins. Co*. (C.D. Cal. 2023) 672 F.Supp. 3d 1018, 1025; *Fawcett v. Ford Motor Co.* (C.D. Cal. Sept. 21, 2023) No. 5:23-CV-1443-SP, 2023 WL 6161030, at *4. Courts generally give greater weight to written demands supported by evidence or analysis as opposed to more informal settlement offers. (See, e.g., *Owens v. Westwood Coll. Inc*. (C.D. Cal. Aug. 12, 2013) 2013 WL 4083624, at *4. This same rule should also apply to Defendant's demand letter who claimed the lawsuit is frivolous thus they concede no amount is in controversy exists and remand to the Circuit Court of Cook County is appropriate. (See Mogan Decl ¶4; Exhibit C.)

In addition, 735 ILCS 5/2-604.1 precludes plaintiffs from requesting punitive damages on the face of any complaint based, even in part, on a negligence theory. *McCann v. Presswood,* 308 Ill. App. 3d 1068, 1072. (1999) Rather, section 2-604.1 requires such plaintiff to file a

pretrial motion and seek leave of court to include a prayer for relief seeking punitive damages. *Penn v. Gerig,* 334 Ill. App. 3d 345, 355-56 (2002) Since Plaintiff had filed no such motion in state court any amount of punitive damages supporting the $75,000 amount in controversy required by 28 U.S.C. § 1332(a) in Defendants notice of removal also lacks any merit.

Finally, this Court's jurisdiction over removed cases is limited to only those matters over which it would have original jurisdiction. 28 U.S.C. §1446(a). Under §1447(c), the Court may remand the case "at any time" based on the lack of subject matter jurisdiction. When a district court discovers a jurisdictional defect in an improperly removed case, the court should remand the case immediately. *Meritcare Inc.v. St. Paul Mercury Ins. Co*., 166 F.3d 214, 217 (3d Cir. 1999). Likewise, once a party raises by motion a failure in the predicates for removal, remand is appropriate. Plaintiff's' state law claims do not "arise under" federal law either, *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986), thus there is no federal question jurisdiction. This case turns exclusively on Illinois law – specifically Illinois statutes and the authority conferred on Defendant pursuant to those statutes and Plaintiff is only seeking compensatory damages of at least $50,000 thus no diversity of jurisdiction exists either.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff relief and remand this case to the Circuit Court, Cook County, Illinois

September 16, 2025                                                                 Respectfully submitted,

                                                               By: */s/ Michael Mogan*
                                                                    Michael Mogan
                                                                        Plaintiff

Michael Mogan
Law Office Of Michael Mogan
4803 N. Milwaukee Ave, Suite B, Unit #244
Chicago, IL 60630
P: (773) 799-8477
F. (872) 702-6445
mm@michaelmogan.com

## CERTIFICATE OF SERVICE

I, Michael Mogan, an attorney, hereby certify that on September 16, 2025, I caused a copy of the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF REMAND to be served by electronic filing (ECF), on:

Isabella Salomão Nascimento
Ballard Spahr LLP
2000 IDS Center, 80 S Eighth Street
Minneapolis, MN 55402
Tel: 612.371.3281
Fax: 612.371.3207
salomaonascimentoi@ballardspahr.com

Lynn Rzonca, IL Bar No. 6207592
Michael Berry (admitted pro hac vice)
Ballard Spahr LLP
1735 Market Street, 51st Floor Philadelphia, PA 19103
berrym@ballardspahr.com
rzoncal@ballardspahr.com

Emily Williams (admitted pro hac vice)
Ballard Spahr LLP
1301 Second Ave, Suite 2800
Seattle, WA 98101
Tel: 206.223.7000
Fax: 206.2237107
williamsea@ballardspahr.com
Attorneys for Defendants The Reason Foundation and Eugene Volokh

                                              s/ Michael Mogan
                                                Michael Mogan, Attorney