IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MOGAN,<br><br>              Plaintiff,<br><br>   v.<br>THE REASON FOUNDATION and<br>EUGENE VOLOKH,<br><br>              Defendants. | Civil No. 1:25-cv-10508 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR
ATTORNEYS' FEES PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

Plaintiff Michael Mogan is an Illinois-based attorney with a penchant for frivolous filings. *See* Mem. in Support of Mot. to Dismiss at 2 (Dkt. 10) (providing recent examples); Opp. to Mot. to Remand at 6 (Dkt. 22) (same). In this case, he sued Reason Foundation and Professor Eugene Volokh for defamation and false light invasion of privacy based on a post on *The Volokh Conspiracy*. That post merely quoted a decision rendered against him just two weeks earlier by the United States Court of Appeals for the Seventh Circuit. Dkt. 10 at 3-4. As the headline of Prof. Volokh's post reported, the Seventh Circuit held that a "Law360 Article About Disciplinary Charges Against Lawyer [*i.e.*, Mogan] Was a Fair Report of Official Proceedings." *Id.* Just like the Law360 article that was the subject of the Seventh Circuit's ruling, the post at issue in this case is protected by the fair report privilege. *Id.* at 8-10. When Mogan first served Reason, its counsel wrote him a letter, which noted that obvious facial bar to his claims and asked him to withdraw the lawsuit. Dkt. 15-4. When Mogan refused, Reason filed a motion to dismiss, contending that the Court lacked personal jurisdiction over it and that Mogan's claims are plainly barred by the fair report privilege. Dkt. 10 at 5-10. Reason also

asked the Court to award attorneys' fees and costs under California's anti-SLAPP statute, California Code of Civil Procedure § 425.16. *Id.* at 11-14. Rather than respond to the motion to dismiss, Mogan sought to remand the case to state court and, when that failed, decided to voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. 23. The Court stayed the dismissal until October 7, 2025. *Id.* In light of Mogan's voluntarily dismissal, Reason respectfully requests that the Court award attorneys' fees and costs in accordance with California's anti-SLAPP statute.

As detailed in Reason's Memorandum of Law in support of its Motion to Dismiss, under Illinois's choice of law rules, California's anti-SLAPP statute applies in this case because Reason is a California non-profit organization and California has a strong interest in protecting its citizen's speech. Dkt. 10 at 11-13. Moreover, Mogan's action undoubtedly arises from an act in furtherance of the right to free speech, in a public forum, and "in connection with a public issue" and "an issue of public interest." *Id.* at 13-14 (citing and quoting Cal. Civ. Proc. Code § 425.16(b)(1), (e)(3)-(4)).

Under the statute, "a prevailing defendant" is entitled to its attorneys' fees and costs. Cal. Civ. Proc. Code § 425.16(c)(1). When a plaintiff voluntarily dismisses his claims under Rule 41(a)(1)(A)(i) while a motion seeking relief under the anti-SLAPP statute is pending, the defendant is presumed to be the prevailing party and should be awarded its fees and costs, particularly if the plaintiff is unable to show a probability of prevailing on the claims as required under the anti-SLAPP statute. *See Law Offs. of Bruce Altschuld v. Wilson*, 632 F. App'x 321, 323 (9th Cir. 2015) (affirming award of fees and costs following voluntary dismissal); *see also, e.g., Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1039, 1043 (S.D. Cal. 2017) (explaining that "Plaintiff's voluntary dismissal . . . creates a presumption" that dismissed defendants "are the

2

prevailing party"); *Garrett v. Hine*, 2022 WL 2067903, at *8 (E.D. Cal. June 8, 2022) (awarding fees following voluntary dismissal of frivolous claims); *eCash Techs., Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1084 (C.D. Cal. 2000) (awarding fees for voluntary dismissal of counterclaims and explaining that "the law in California is clear that even though these claims were voluntarily dismissed, this does not absolve the Defendants of liability for fees and costs incurred by Plaintiff in striking these counterclaims"), *aff'd*, 35 F. App'x 498 (9th Cir. 2002).

      Here, Reason is plainly a prevailing party. Not only has Mogan voluntarily dismissed his case, but he also cannot prevail on any claim, as the *Volokh Conspiracy* post is protected by the fair report privilege. Dkt. 10 at 8-10. Despite the voluntary dismissal, this Court retains jurisdiction to determine whether attorneys' fees and costs should be assessed against Mogan. *See, e.g.*, *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011) (explaining that "voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) . . . does not deprive a district court of jurisdiction for all purposes") (citing and discussing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)); *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003) (holding that the defendant may seek attorney's fees under Rule 11 after plaintiff voluntarily dismisses the case "[i]n an effort to deter future conduct"). And, the Court maintains the authority to impose an award of fees and costs against Mogan, even though it does not have personal jurisdiction over Reason. *See, e.g.*, *Wigington v. MacMartin*, 2022 WL 3999887, at *4 (E.D. Cal. Sept. 1, 2022) (determining that courts may consider a motion to strike under California's anti-SLAPP statute after determining that the court has no personal jurisdiction, reasoning that "a defendant who moves to dismiss a SLAPP lawsuit for lack of personal jurisdiction is still faced with the 'undue burden of defending against the nonmeritorious claim,' including associated fees and costs"); *Jamieson v. Hoven Vision LLC*, 2021 WL 1564788, at *3 (D. Colo. Apr. 21, 2021) (courts may

3

grant motions for attorneys' fees after determining that there is no personal jurisdiction) ; *Tr. of Summers Fam. Tr. TA Neak Prods. Buff WA Pty Ltd. v. Nat'l Distrib. Warehouse Inc.*, 2022 WL 1164579, at *6 (W.D. Wash. Mar. 24, 2022) (determining that plaintiff who voluntarily dismissed claims before court could make a final determination on defendant's motion to dismiss for lack of personal jurisdiction must pay attorneys' fees subject to the fee-shifting provision in Washington's long-arm statute); *cf. Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 926 (7th Cir. 2000) ("a court may lack authority to resolve the merits of a claim yet have jurisdiction to award costs and attorneys' fees to the prevailing party").

## CONCLUSION

For the reasons set forth above, Reason respectfully requests that the Court award Reason its attorneys' fees and costs under the California anti-SLAPP statute.[1]

Dated: October 7, 2025            Respectfully submitted,

                                  BALLARD SPAHR LLP

                                  By: */s/Isabella Salomão Nascimento*
                                  Isabella Salomão Nascimento
                                  Ballard Spahr LLP
                                  2000 IDS Center, 80 S Eighth Street
                                  Minneapolis, MN 55402
                                  Tel: 612.371.3281
                                  Fax: 612.371.3207
                                  salomaonascimentoi@ballardspahr.com

                                  Lynn Rzonca, IL Bar No. 6207592
                                  Michael Berry (admitted *pro hac vice*)
                                  Ballard Spahr LLP
                                  1735 Market Street, 51st Floor
                                  Philadelphia, PA  19103
                                  Tel: 215.665.8500
                                  Fax: 215.864.8999
                                  berrym@ballardspahr.com
                                  rzoncal@ballardspahr.com

---

[1] Reason will submit a fee petition should the Court grant this Motion on the merits.

4

Emily Williams (admitted *pro hac vice*)
Ballard Spahr LLP
1301 Second Ave, Suite 2800
Seattle, WA 98101
Tel: 206.223.7000
Fax: 206.2237107
williamsea@ballardspahr.com

*Attorneys for Defendant Reason Foundation*