# Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Michael Berry
Tel: 215.988.9773
berrym@ballardspahr.com

October 8, 2025

*Via ECF*

Honorable April M. Perry
United States District Court
Northern District of Illinois
327 S. Church Street, Courtroom 1725
Rockford, IL 61101

Re: <u>Mogan v. Reason Foundation, et al.</u>, Civil No. 1:25-cv-10508

Dear Judge Perry:

We write on behalf of Defendant Reason Foundation in response to the "Notice of Plaintiff Michael Mogan's Chapter 11 Bankruptcy Proceeding and the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(2)(C)," which Mr. Mogan filed late Monday night. Dkt. 24. That filing is the latest in a string of frivolous filings that Mr. Mogan has made in this and other cases and is another attempt by Mr. Mogan to avoid responsibility for his vexatious litigation conduct.

*First*, the Notice misstates the law. There is no stay or other injunction in place that would impact this Court's authority to require Mr. Mogan to pay Reason's attorneys' fees and costs under the California anti-SLAPP statute or for any other reason. The automatic stay under Section 362 of the Bankruptcy Code applies only to claims that arise *before* the bankruptcy filing. *See, e.g.*, 11 U.S.C. § 362(a); *In re Radcliffe*, 563 F.3d 627, 630 (7th Cir. 2009) ("The stay prevents pre-petition creditors from taking any action to collect their debts."); *see also In re Grossman's Inc.*, 607 F.3d 114, 122 (3d Cir. 2010) ("[The stay] is applicable, however, only to stay a claim that arose pre-petition."). As Mr. Mogan acknowledges, his bankruptcy case was initiated in February 2022. Dkt. 24 at 1; *see In re Mogan*, No. 22-bk-01957 (Bankr. N.D. Ill.); *see also* Exhibit 1 (docket from bankruptcy proceeding). Mr. Mogan brought this lawsuit years later, in July 2025. *See* 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2025) ("Actions on claims that arise after the commencement of the case are not stayed.").

In any event, there is no automatic stay once a plan of reorganization is confirmed. *See* 11 U.S.C. § 1141(d)(1)(A) ("the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation"); *see also, e.g.*, *In re Paradise*

Hon. April M. Perry
October 8, 2025
Page 2

*Valley Country Club*, 26 B.R. 990, 992 (Bankr. D. Colo. 1983) (holding that state court litigation filed post-confirmation did not violate stay), *aff'd*, 31 B.R. 613 (D. Colo. 1983); *In re Crawford*, 95 B.R. 491, 492 (Bankr. W.D. Mich. 1988) (holding that the automatic stay terminated upon confirmation of the debtor's chapter 11 plan and that movant may pursue claims that arose after the confirmation date). In Mr. Mogan's bankruptcy, the reorganization plan was confirmed on March 13, 2025 – again, long before he filed suit against Reason.

Nothing in Mr. Mogan's bankruptcy proceeding forecloses the Court from issuing an award against him. Mr. Mogan is well aware of this. Indeed, undersigned counsel informed him of these basic principles more than a month ago when he first raised his bankruptcy after Reason expressed its concern that his litigation tactics were unnecessarily increasing the cost of the litigation. *See* Exhibit 2 (email exchange in which Reason sought to meet and confer about its motion to dismiss, Mr. Mogan responded by saying that he planned to file a motion to remand, and Reason explained why any motion to remand would not be well founded).

**Second**, Mr. Mogan's claim that counsel for Reason "threaten[ed]" him is untrue. The only communications that counsel had with Mr. Mogan in recent days are two emails and a voicemail asking him to meet and confer about the Motion for Attorneys' Fees that Reason planned to file, as required by Your Honor's standing order on Motion Practice and Memoranda of Law. Those messages did not include any threat. Copies of the emails sent to Mr. Mogan are attached in Exhibit 3. Rather than respond to Reason's messages, Mr. Mogan rushed to file the Notice.

Mr. Mogan is a licensed attorney who has brought claims that were facially barred under well-established law, sought to remand the case in the face of well-established precedent, and now, after voluntarily dismissing his baseless lawsuit, seeks to avoid paying the prevailing party by misstating well-established bankruptcy principles.

Reason respectfully requests that the Court grant its Motion for Attorneys' Fees and provide such other relief as the Court deems just.

Very truly yours,

Michael Berry
Isabella Salomão Nascimento


Cc: Michael Mogan, Esquire (*via ECF*)